Phillip G. SEITNER, Appellant,

v.

UNITED STATES, Appellee.

No. 2139.

Municipal Court of Appeals for the District of Columbia.

Argued March 24, 1958.

Decided June 20, 1958.

———◆———

Hyman Smollar, Washington, D. C., with whom Stanley B. Frosh, Washington, D. C., was on the brief, for appellant.

Louis M. Kaplan, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., Lewis Carroll and Edward C. O'Connell, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In the men's room of a local university building, appellant, not a student or otherwise connected with the university, approached the complaining witness, a police officer assigned to the Morals Division, as he stood at a urinal and placed his hand on the officer's privates. Appellant was arrested and charged with assault. At trial he admitted the touching; his defense was, as stated here in his brief, that he "believed on grounds regarded as adequate that he was dealing with a consenting person." The trial court found appellant guilty. On this appeal it is contended that the evidence was insufficient to sustain the conviction because (1) the necessary corroboration was lacking, and (2) because the evidence as a whole was as consistent with innocence as it was with guilt.

■■■ Under point one it is argued that the corroboration required by Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150, and made applicable to this type of case by Guarro v. United States, 99 U.S.

App.D.C. 97, 237 F.2d 578, 582, was lacking. In view of appellant's own testimony that he did touch the officer, we fail to see the need for corroboration. Appellant's argument seems to be that there should have been some corroboration of the lack of actual or implied consent on the part of the officer; but we do not think the rule in Kelly goes that far.

■■■ Appellant's second and main point is that under the ruling in Guarro the evidence was insufficient to sustain a finding of guilt. In Guarro, which involved an assault of the same nature here involved, it was held that there can be no conviction for assault unless it appears there was no actual or apparent consent. There the court reversed the judgment of conviction, saying:

"Considering the totality of the policeman's conduct, including his inviting inquiry to the defendant, we cannot say that the evidence is more consistent with an assault than with an act induced in part by apparent consent." [1]

Appellant urges us to so rule in this case, but we cannot do so for the following reasons. Guarro clearly held that "a sexual touching is a sufficiently offensive act to constitute an assault," [2] even though the person touched is an experienced policeman and the occurrence happens to him in his line of duty. And Guarro further held: "If the policeman did no more than permit the alleged touching, there would be no real or apparent consent." [3] Thus appellant's admitted conduct constituted an assault unless it was done with the actual or apparent consent of the officer; and the question of consent is ordinarily one of fact and not of law. In reversing the conviction in Guarro the court stated that the policeman's conduct was for the most part not disputed. That is not true in this case.

1. 99 U.S.App.D.C. at page 101, 237 F.2d at page 582.

2. 99 U.S.App.D.C. at pages 99–100, 237 F. 2d at pages 580–581.

3. 99 U.S.App.D.C. at page 101, 237 F.2d at page 582.

According to the officer's testimony he was using the urinal and appellant came to his side and after a remark about the weather touched him, and he then immediately arrested appellant. According to appellant the officer first stared at him, then smiled at him, and then went to the urinal and deliberately exposed himself but did not use the urinal; that he then approached the officer and touched him, and the officer then made the same "inviting inquiry" referred to in Guarro; that appellant without responding turned to leave and then was arrested.

On the foregoing testimony we cannot hold as a matter of law that there was actual or apparent consent on the part of the officer; and neither can we hold that the trial court should have so ruled.

Affirmed.