Gregory C. DAY, Appellant,

v.

UNITED STATES, Appellee.

No. 2278.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 3, 1958.

Decided Feb. 12, 1959.

---

Harry J. Ahern, Washington, D. C., for appellant.

William W. Greenhalgh, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

Appellant was convicted by the court of assault (indecent) on a member of the morals squad of the Police Department under Code 1951, § 22–504. Testifying in his own behalf at the trial, appellant emphatically denied the sexual touching on both direct and cross-examination. In this appeal we are urged to reverse on the authority of Guarro v. United States, 99 U.S.App. D.C. 97, 237 F.2d 578, and McDermett v. United States, D.C.Mun.App., 98 A.2d 287, which hold that a conviction for assault cannot be sustained unless it appears that there was no actual or apparent consent. Appellant contends there was evidence of apparent consent here.

We entertain grave doubts as to the validity of appellant's contention; first, because it is not entirely clear from the record that there was a reliance on apparent consent at the trial level. The only reference to it appears in counsel's closing remarks to the court. Secondly, appellant's defense denying the commission of the act is totally inconsistent with his reliance on consent.

While entrapment and consent are readily distinguishable, the philosophical basis underlying the two is the same. In drawing this parallel in McDermett v. United States, supra at page 290, we said, "the evidence may be tested as if entrapment were claimed." Both assume the commission of the act charged and a defense predicated on an express denial that the offense was committed is therefore a direct contradiction.[1]

Assuming, however, that appellant might both deny the offense and rely on apparent consent, we recently held that the question of consent is ordinarily one of fact. Seitner v. United States, D.C.Mun.App., 143 A.2d 101, affirmed —— U.S.App.D.C. ——, 262 F.2d 710. On the record before us, we cannot hold as a matter of law that the evidence compels the conclusion that there was apparent consent on the part of the police officer.

Affirmed.

---

1. See Annotation, 61 A.L.R.2d 677, and cases cited therein.